UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CLYDE JAMES GILLESPIE, JR.

v.  C.A. NO. 09-580 ML

NANCY BAILEY ET AL.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Presently before the Court is a motion filed by plaintiff Clyde James Gillespie, Jr., *pro se*, for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(2) (Docket # 2). Plaintiff, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint (the "Complaint" or "Cmpt.") pursuant to 42 U.S.C. § 1983 ("§ 1983") against ACI officials Nancy Bailey, Assistant Director of the Rhode Island Department of Corrections; James Weeden, Warden; and Michelle Auger, Deputy Warden (Docket # 1). Plaintiff alleges defendants violated his rights by, *inter alia*, subjecting him to unsafe and unsanitary living conditions. This matter has been referred to me for determination; however, upon screening the Complaint, as required by 28 U.S.C. § 1915(e)(2) ("1915(e)(2)"), I have found that the Complaint fails to state a claim upon which relief may be granted. Therefore, I address this matter by way of this Report and Recommendation. For the reasons stated below, I recommend that the Complaint be DISMISSED and plaintiff's motion to proceed *in forma pauperis* be DENIED.

## DISCUSSION

**I.   Screening Under § 1915(e)(2) and § 1915A**

In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that the action, *inter alia*, fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Similarly, 28 U.S.C. § 1915A ("§ 1915A") directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss the complaints, or portions thereof, for reasons similar to those set forth in § 1915(e)(2). 28 U.S.C. § 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on a 12(b)(6) motion. *See Pelumi v. Landry*, No. 08-107, 2008 WL 2660968, at *2 (D.R.I. June 30, 2008). In making this determination, the Court must accept plaintiff's allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949-1950 (2009). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). Further, a complaint fails to state a claim on which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*

## II. Failure to Allege Facts

Plaintiff claims that defendants violated his constitutional rights by subjecting him to unsanitary and unsafe prison conditions. The Eighth Amendment requires prison officials to provide humane conditions of confinement by "ensur[ing] that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970 (1994)(citation omitted). However, to allege an Eighth Amendment claim, a plaintiff must plead facts which establish both an objective component, that he was forced to endure "extreme deprivations" beyond the bounds of human decency, and a subjective component, that the defendant acted with "deliberate indifference" to such conditions. *See Hudson v. McMillian*, 503 U.S. 1, 8-9, 112 S.Ct. 995 (1992). Here, plaintiff's allegations that the defendants "deliberately indifferently knowing the seriousness, unsafe, unfair treatment and unsanitary conditions" of the ACI facility in which he is housed, Complaint p. 3, are the type of "'naked assertion[s]' devoid of 'further factual enhancement'" the Supreme Court in *Iqbal* described as failing to state a claim on which relief may be granted. 129 S.Ct. at 1949 (citation omitted). Plaintiff fails to provide any detail regarding what conditions were unsafe, unsanitary or unfair or how the defendants were deliberately indifferent to such conditions. Accordingly, the Complaint fails to state a claim on which relief may be granted and should be dismissed. I so recommend.

## CONCLUSION

For the reasons set forth above, I recommend the dismissal of the Complaint in its entirety for failure to state a claim on which relief may be granted. Accordingly, I further recommend that plaintiff's motion to proceed *in forma pauperis* be DENIED at this time.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

/s/ Jacob Hagopian

Jacob Hagopian
Senior United States Magistrate Judge
December 8, 2009